# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM S. COLBERT,** | : | **CIVIL ACTION NO. 1:04-CV-2632** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **MS. JANE DAVIS, et al.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 12th day of May, 2005, upon consideration of plaintiff's requests (Docs. 9, 18) for appointment of counsel, and it appearing that plaintiff's claim under 42 U.S.C. § 1983, alleging that defendants "laughed" when told that plaintiff was "defecating blood" but did perform a medical examination (Doc. 1), likely lacks an arguable basis in law, see Montgomery v. Pinchak, 294 F.3d 492, 498-505 (3d Cir. 2002) (stating that request for counsel should be granted only if claim meets "threshold" of an arguable basis in law or fact) (citing Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993)); see also Sprull v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) ("Only 'unnecessary and wanton infliction of pain' or 'deliberate indifference to the serious medical needs' of prisoners are sufficiently egregious to rise to the level of a constitutional violation."), and it further appearing that resolution of the facial merit of plaintiff's claims neither implicates complex legal or factual issues nor requires factual investigation or the testimony of expert witnesses, see Tabron, 6 F.3d at 155-57 (3d Cir. 1993) (listing factors relevant to request for counsel), it is hereby ORDERED that the requests (Docs. 9, 18) for counsel are DENIED. If

further proceedings demonstrate the need for counsel, the matter will be reconsidered either *sua sponte* or upon motion of plaintiff.  See id.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge