**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM S. COLBERT,** | : | **CIVIL ACTION NO. 1:04-CV-2632** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **MS. JANE DAVIS, et al.,** | : | |
| **Defendants** | : | |

**ORDER**

AND NOW, this 22nd day of June, 2005, upon consideration of the order of court (Doc. 22) directing plaintiff, proceeding pro se and *in forma pauperis* in this case, to file on or before June 20, 2005, a response showing cause why the above-captioned action should not be dismissed for failure to prosecute, and of the previous order of court (Doc. 20) directing plaintiff to file briefs in opposition to defendants' motions to dismiss (Docs. 14, 15), and advising that failure to do so could result in dismissal of this case for failure to prosecute, and it appearing that as of the date of this order plaintiff has not filed a response or briefs in opposition to the motions to dismiss,[1] see FED. R. CIV. P. 41(b) ("For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (interpreting Federal Rule of Civil

---

[1] The most recent order, sent to defendant via U.S. mail, was returned to the court as undeliverable. (See Doc. 23; see also Doc. 5 (standing practice order advising parties that failure to notify the court of a change of address would be deemed an abandonment of the case)).

Procedure 41(b) as permitting *sua sponte* dismissals by the court); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (identifying six factors relevant to deciding whether to dismiss for failure to prosecute), that plaintiff, acting *pro se* in this action, was advised of the necessity of responding to defendants' motions and to orders of court and is personally responsible for failing to do so, see Poulis, 747 F.2d at 868 (identifying "extent of the party's personal responsibility" as first factor), that plaintiff's conduct has prejudiced defendants by requiring defendants to assume the cost of continued preparation for trial without prompt resolution of the likely meritorious motions to dismiss, see id. (identifying "[p]rejudice to the adversary" as second factor), that plaintiff's failure to respond to defendants' motions or orders of court (Docs. 14, 15, 20, 22) constitutes a history of dilatoriness, see Poulis, 747 F.2d at 868 (identifying "history of dilatoriness" as third factor), that plaintiff's failure to respond to the orders of court when previously advised by the court that inaction may result in dismissal of the above-captioned case constitutes willful disregard of the court's authority, see id. at 868-69 (identifying "willful" or "bad faith" conduct as fourth factor), that admission of certain facts or evidence or assessment of costs against plaintiff would be ineffective to deter plaintiff's conduct because plaintiff has already been deemed not to oppose the motions[2] and because plaintiff is proceeding *in forma pauperis* in this case (Doc. 8), see Poulis, 747 F.2d at 869 (identifying availability of "[a]lternative sanctions" to dismissal as fifth factor),

---

[2] See L.R. 7.6 ("Any respondent who fails to comply with this rule shall be deemed not to oppose such motion.").

and that plaintiff's claim likely lacks *prima facie* merit (see Docs. 1, 16, 17), see Poulis, 747 F.2d at 869-70 (identifying "[m]eritoriousness of the claim" as sixth factor); see also Brooks v. Kyler, 204 F.3d 102, 105 n.4 (3d Cir. 2000) (holding that no Eighth Amendment violation occurred where prisoner treated on same day injury reported), it is hereby ORDERED that:

1. The above-captioned action is DISMISSED for failure to prosecute. See FED. R. CIV. P. 41(b).

2. The Clerk of Court is directed to CLOSE this case.

3. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. §1915(a)(3).

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge